UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ARAMIS ANTONIO L.M.,

                    Plaintiff,         DECISION AND ORDER
                                                   7:22-cv-01485-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In November of 2019, Plaintiff Aramis Antonio L.M.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

This case was referred to the undersigned on March 17, 2023. Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket Nos. 18, 22). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on November 22, 2019, alleging disability beginning January 31, 2018. (T at 86, 110, 197-203).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on November 18, 2020, before ALJ John Carlton. (T at 48-85). Plaintiff appeared with an attorney and testified. (T at 55-77). The ALJ also received testimony from Joseph Atkinson, a vocational expert. (T at 78-81).

### B. ALJ's Decision

On April 14, 2021, the ALJ issued a decision denying the application for benefits. (T at 16-33). The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 22, 2019 (the date he applied for benefits). (T at 21). The ALJ concluded that Plaintiff's depressive disorder with psychotic features was a severe impairment as defined under the Social Security Act. (T at 21). However, the ALJ found that Plaintiff did

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 22).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: he can perform simple, routine work not involving a production rate pace; and he can interact with and react appropriately to supervisors or coworkers on an occasional basis, provided he is not required to have more than superficial interactions with the general public. (T at 23).

The ALJ concluded that Plaintiff could not perform his past relevant work as a food sales clerk. (T at 27). However, considering Plaintiff's age (42 on the application date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between November 22, 2019 (the application date) and April 14, 2021 (the date of the ALJ's decision). (T at 29). On January 31, 2022,

the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.   Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on February 23, 2022. (Docket No. 1). On November 10, 2022, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 18, 19). The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on February 8, 2023. (Docket Nos. 22, 23). On February 28, 2023, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 24).

## II.   APPLICABLE LAW

A.   Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B. Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, he argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.  Second, Plaintiff challenges the ALJ's credibility analysis. This Court will address both arguments in turn.

A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013

WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Konstantinos Tsoubris performed a consultative psychiatric evaluation in January of 2020.  Plaintiff presented as cooperative, with fair social skills, but was disheveled in dress and poorly groomed. (T at 389).  His affect was flat, but he displayed coherent and goal directed thought processes. (T at 389).  He was oriented to person, place, and time; demonstrated intact memory, attention, and concentration; and had "fair" insight and judgment. (T at 390).

Dr. Tsoubris diagnosed schizophrenia, bipolar I disorder, generalized anxiety disorder, and posttraumatic stress disorder. (T at 391).  He opined that Plaintiff had no limitation in understanding, remembering, or applying

simple and complex directions; no limitation in using reason and judgment to make work-related decisions; marked limitation with respect to interacting adequately with supervisors; no limitation in sustaining concentration and pace; marked limitation with regard to sustaining an ordinary routine and regular attendance; extreme limitation in regulating emotions, controlling behavior, and maintaining well-being; and marked limitation with respect to maintaining personal hygiene and appropriate attire. (T at 390-91). Dr. Tsoubris characterized Plaintiff's prognosis as "poor." (T at 391).

The ALJ found Dr. Tsoubris's opinion unpersuasive. (T at 26). The Court concludes that the ALJ's assessment was consistent with applicable law and supported by substantial evidence.

First, the ALJ reasonably found Dr. Tsoubris's extreme assessment inconsistent with his actual examination findings. As noted above, while Plaintiff demonstrated some difficulties during the exam, he was cooperative, with fair social skills, coherent and goal directed thought processes; was oriented to person, place, and time; displayed intact memory, attention, and concentration; and had "fair" insight and judgment. (T at 389-90).

Second, the ALJ reasonably found the longitudinal treatment record and Plaintiff's reported activities of daily living inconsistent with the very restrictive aspects of Dr. Tsoubris's opinion. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Riaz v. Comm'r of Soc. Sec.*, No. 20-CIV-8418-JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022), *report and recommendation adopted*, No. 20-CIV-8418-JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022)("Accordingly, the ALJ appropriately concluded Dr. Ravelo's asserted limitations were not supported by or consistent with the objective medical and Record evidence.")(collecting cases).

Plaintiff's mood was frequently described in treatment notes as "good" or "great." (T at 276, 359, 545, 561, 601). Plaintiff reported spending time with friends and neighbors (T at 286, 334-45, 357, 541, 543, 593-94) and his psychiatric symptoms were noted to be controlled with medication. (T at 326, 338, 550, 571, 581, 591, 601). The record contains numerous reports of improvement and progress with therapy and

treatment. (T at 326, 331, 335, 557, 594, 603-04). Plaintiff reported exercising twice a week, finding yoga helpful, and enjoying shopping and seeing friends. (T at 473, 638).

Although Plaintiff points to reports of ongoing psychiatric symptoms and limitations, the issue is not whether there is some support for a contrary conclusion, but whether substantial evidence supports the ALJ's conclusion. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test.").

The ALJ's decision is also supported by the assessments of the non-examining State Agency review physicians. In March of 2020, Dr. C. Walker opined that Plaintiff could perform the mental demands of basic work activity, but "would benefit from a work environment with limited contact with the general public." (T at 92-95). In June of 2020, Dr. T. Inman concluded that Plaintiff retained "the ability to perform unskilled work in a low-contact setting on a sustained basis." (T at 107). *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in

12

disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'")(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at \*26 (S.D.N.Y. Jan. 22, 2004)).

Lastly, it is notable that the ALJ did not completely discount the evidence of Plaintiff's impairments.  While the ALJ did not accept the extreme limitations assessed by the consultative examiner, he did limit Plaintiff to simple, routine work, involving no production rate pace demands. (T at 23).  In addition, the ALJ concluded that Plaintiff could have no more than superficial contact with the public and only occasional interaction with supervisors and co-workers. (T at 23).

An ALJ can appropriately account for mental impairments, including moderate (or even marked) impairment in the claimant's ability to adapt and manage himself, through an RFC containing non-exertional limitations like those found by the ALJ here. *See Platt v. Comm'r of Soc. Sec.*, No. 20 CIV. 8382 (GWG), 2022 WL 621974, at \*7 (S.D.N.Y. Mar. 3, 2022)*; Patricia K. v. Comm'r of Soc. Sec.*, No. 5:20-CV-37 (ATB), 2020 WL 7490323, at \*15 (N.D.N.Y. Dec. 21, 2020); *Hill v. Comm'r of Soc. Sec.*, No. 18-CV-1161L, 2020 WL 836386, at \*4 (W.D.N.Y. Feb. 20, 2020).

Likewise, courts have concluded that marked limitation in social interaction can be accommodated through an RFC that limits the claimant to no interaction with the public and only occasional interaction with co-workers and supervisors. *See, e.g., Juliana Marie M. v. Comm'r of Soc. Sec.*, No. 1:18-CV-1421 (ATB), 2019 WL 6829044, at *10 (N.D.N.Y. Dec. 13, 2019); *Fiducia v. Comm'r of Soc. Sec.*, No. 1:13-CV-285, 2015 WL 4078192, at *4 (N.D.N.Y. July 2, 2015); *Natrella v. Comm'r of Soc. Sec.*, No. 1:19-CV-01237 (SDA), 2020 WL 1041067, at *6 (S.D.N.Y. Mar. 3, 2020); *Molly C. v. Comm'r of Soc. Sec.*, No. 20-CV-1376S, 2022 WL 1679413, at *5 (W.D.N.Y. May 26, 2022).

For the reasons discussed above, the Court finds the ALJ's decision to discount Dr. Tsoubris's opinion and RFC determination supported by substantial evidence. *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Walters v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11 (E.D.N.Y. Oct. 19, 2021); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021).

### B.    Credibility

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a

medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

16

Plaintiff testified as follows: He last worked as a deli clerk in 2007. (T at 56-57). He stopped working to care for his ailing father. (T at 57-58). He suffers from paranoia and panic attacks. (T at 58-59). He has difficulty sleeping, depression symptoms, and auditory and visual hallucinations. (T at 59-60). Medications help "very well," although Plaintiff still has symptoms. (T at 61-62). Anxiety has frustrated attempts to seek or obtain work. (T at 70). He experiences social phobias and anxieties. (T at 71-73).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 25).

For the following reasons, the Court concludes that the ALJ's decision to discount Plaintiff's credibility is supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record, which the ALJ reasonably read as documenting overall progress and generally effective symptom management. (T at 24-26).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered

inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

The ALJ also noted that Plaintiff could manage his personal care, prepare meals, perform simple chores, and spend time with others. (T at 24). Although ALJs must be careful not to overinterpret a claimant's ability to perform limited tasks as evidence of the ability to maintain full-time, competitive, remunerative work, the regulations expressly permit consideration of the claimant's "daily activities" when assessing credibility. *See* 20 C.F.R. § 404.1529(c)(3)(i). A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted).

Notably, the ALJ did not completely discount the evidence of impairment, including Plaintiff's subjective statements. The ALJ accepted a

significant degree of restriction and incorporated significant stress and social interaction limitations into the RFC. (T at 23).

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

For the reasons discussed above, the Court finds the ALJ's decision to discount Plaintiff's subjective complaints and overall RFC determination supported by substantial evidence, including a reasonable reading of the treatment record, the State Agency physicians' opinions, and an appropriate assessment of Plaintiff's activities of daily living.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 18) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 22) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment and then close the file.

Dated: August 23, 2023                     *s/ Gary R. Jones*
                                           GARY R. JONES
                                           United States Magistrate Judge